IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–CV-03068-BNB

MORGAN DUNN,

Plaintiff,

v.

JANE MICELI, M.D.; and EATING RECOVERY CENTER, L.L.C.

Defendants.

_____

**DEFENDANT JANE MICELI, M.D.'S ANSWER AND JURY DEMAND**
_____

Defendant Jane Miceli, M.D., through counsel, Hall & Evans, L.L.C., answers Plaintiff's Complaint and demands a jury as follows:

**ANSWER TO ALLEGATIONS REGARDING THE PARTIES,
JURISDICTION AND VENUE**

1. Defendant Jane Miceli, M.D. admits she is a physician licensed to practice medicine in the State of Colorado and is a resident of the State of Colorado.

2. Except as explicitly stated above, Defendant denies the remaining averments of paragraphs 1 through 6 of the Complaint, either affirmatively, or for lack of information sufficient to form a belief as to the truth thereof.

**ANSWER TO STATEMENT OF FACTS AND FIRST CLAIM FOR RELIEF**

3. Defendant Jane Miceli, M.D. incorporates her responses to paragraphs 1 through 6 of the Complaint as set forth above.

4. Defendant Dr. Miceli admits that she provided care and treatment to Plaintiff during an inpatient admission to the Eating Recovery Center in Denver as set forth in the medical records. Dr. Miceli denies that her care and treatment was negligent and asserts that Plaintiff's interpretation of the care as set forth in the Complaint is inaccurate and incomplete.

5. Defendant Dr. Miceli further denies that her care and treatment caused Plaintiff's claimed damages.

6. Except as expressly admitted above, Defendant Jane Miceli, M.D. denies the averments of paragraphs 7 through 39 of Plaintiff's Complaint, either affirmatively or for lack of information sufficient to form a belief as to the truth thereof.

## ANSWER TO SECOND CLAIM FOR RELIEF

7. Defendant Jane Miceli, M.D. incorporates her responses to paragraphs 1 through 39 of the Complaint as set forth above.

8. The allegations contained in Plaintiff's Second Claim for Relief do not purport to state a claim against Dr. Miceli. To the extent that such allegations are intended to, or construed as, pertaining to this Defendant, the averments of paragraphs 31 through 49 of Plaintiff's Complaint, including the prayer for relief, are denied, either affirmatively or for lack of information sufficient to form a belief as to the truth thereof.

## FIRST DEFENSE - FAILURE TO STATE A CLAIM

9. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted against this Defendant.

## SECOND DEFENSE - PRE-EXISTING CONDITION

10. Plaintiff's damages, if any, are the sole and proximate result of a pre-existing condition from which Ms. Dunn suffered.

## THIRD DEFENSE - FAULT OF THE PLAINTIFF

11. Upon information and belief, Plaintiff negligently or intentionally failed to care for herself and failed to follow medical advice, and the injuries and damages allegedly sustained by Plaintiff are the result of her own comparative negligence. Therefore, the recovery sought must be eliminated or proportionately reduced on a comparative basis, in accordance with the provisions of Colorado's Comparative Negligence Statute, C.R.S. § 13 21-111.

## FOURTH DEFENSE - FAILURE TO MITIGATE DAMAGES

12. Upon information and belief, Plaintiff failed to mitigate her damages, if any, as required by law, and are therefore barred from recovery against this Defendant.

## FIFTH DEFENSE - FAULT OF NONPARTIES

13. Upon information and belief, any damages complained of by the Plaintiff which were caused by acts or omissions of others over whom this Defendant had no control or no right of control and recovery of Plaintiff, if any, is limited to damages flowing solely from the conduct of this Defendant, pursuant to C.R.S. § 13-21-111.5. Defendant reserves the right to designate nonparties pursuant to C.R.S. § 13-21 111.5(3)(b) and to assert the applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. § 13 50.5 101, et seq.

### SIXTH DEFENSE - LIMITATIONS OF DAMAGES

14. Plaintiff's recovery, if any, is limited by the provisions of the Healthcare Availability Act, C.R.S. § 13-64-101, *et seq*. Furthermore, Plaintiff's recovery for non-economic damages, if any, is limited pursuant to the provisions of C.R.S. § 13-21-102.5.

### SEVENTH DEFENSE - COLLATERAL SOURCE

15. In the event that a verdict is returned in favor of the Plaintiff, Defendant is entitled to a reduction of the damage award, if any, to the extent of any payments made to the Plaintiff from a collateral source, under the provisions of C.R.S. §13-21-111.6.

### EIGHTH DEFENSE - REAL PARTY IN INTEREST

14. Upon information and belief, Plaintiff may not be the real party in interest as to all or some of the claimed damages.

### NINTH DEFENSE - STATUTE OF LIMITATIONS

15. Plaintiff's claims for relief, in whole or in part, are barred by the applicable statute of limitations.  *See* Defendant Jane Miceli, M.D.' Motion to Dismiss. Defendant incorporates her Motion to Dismiss as if fully restated herein.

### DEFENDANT JANE MICELI, M.D. DEMAND THAT THIS CASE BE TRIED TO A JURY ON ISSUES SO TRIABLE.

WHEREFORE, Defendant Jane Miceli, M.D. requests that the Complaint against her be dismissed with prejudice, that judgment be entered in her favor, that the Court award costs, reasonable attorney fees, and such other relief as this Court deems proper under the circumstances.

DATED this 6th day of January, 2015

   *s/ Deanne C. McClung*
Deanne C. McClung
Mary K. Lanning
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
(303) 628-3367
(303) 628-3368/fax
mcclungd@hallevans.com
lanningm@hallevans.com

Attorneys for Defendant Jane Miceli, M.D.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of January, 2015 a true and correct copy of the foregoing **DEFENDANT JANE MICELI, M.D.'S ANSWER AND JURY DEMAND** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties at the following e-mail address:

Steven R. Dunn, Esq.
sdunnfirm@aol.com

   */s/ Corine Carter*