**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:   14-cv-03068-MSK-NYW

MORGAN DUNN,

    Plaintiff,

v.

JANE MICELI, M.D.; and EATING RECOVERY CENTER, L.L.C.

    Defendants.

---

**DEFENDANT EATING RECOVERY CENTER, LLC 'S ANSWER
AND JURY DEMAND**

---

Defendant Eating Recovery Center, LLC ("ERC"), through counsel, Treece Alfrey Musat, P.C., hereby submits its Answer to Plaintiff's Complaint, as follows:

## **PARTIES**

1.    ERC is without sufficient information to admit or deny the allegation contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2.    ERC admits the allegations contained in Paragraph 2 of Plaintiff's Complaint, upon information and belief.

3.    ERC admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    The allegations contained in Paragraph 4 of Plaintiff's Complaint are not allegations of fact in this matter, and thus require no response from ERC.  To the extent a Response is required, ERC admits that it is a Defendant in this legal action.

## JURISDICTION AND VENUE

5. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

## STATEMENT OF FACTS

7. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. ERC is without sufficient information to admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

### Treatment at ERC

15. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. ERC denies that Plaintiff's drug regiment became inconsistent, was contradicted on several occasions and that Plaintiff became dependent on narcotic prescription drugs as a result. The remainder of the allegations contained in Paragraph 17 of Plaintiff's Complaint, appear to allege the contents of Dr. Miceli's notes, and thus no response is required of ERC. To the extent a response is required, the contents of the notes speak for themselves.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint, appear to allege the contents of Dr. Miceli's notes, and thus no response is required of ERC. To the extent a response is required, the contents of the notes speak for themselves.

19. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23. ERC denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. ERC denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. ERC denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

### Post-ERC hospitalization and treatment

26. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 29 of Plaintiff's Complaint, and therefore denies the same.

30. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 30 of Plaintiff's Complaint, and therefore denies the same.

31. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 32 of Plaintiff's Complaint, and therefore denies the same.

33. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

34. ERC is without sufficient information to admit or deny the allegation contained in Paragraph 34 of Plaintiff's Complaint, and therefore denies the same.

**Causes of Action**
**Claims to relief as to Miceli**
**MEDICAL NEGLIGENCE**

35. ERC incorporates by reference responses 1-34 as if fully set forth herein.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are not directed at ERC, thus no response is required of ERC.  To the extent a response is required, ERC denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are not directed at ERC, thus no response is required of ERC.  To the extent a response is required, ERC denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are not directed at ERC, thus no response is required of ERC.  To the extent a response is required, ERC denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. The allegations contained in Paragraph 39 of Plaintiff's Complaint are not directed at ERC, thus no response is required of ERC.  To the extent a response is required, ERC denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

**Claim for Relief as to ERC**
**COLORADO CONSUMER PROTECTION ACT**
**C.R.S. § 6-1-101 ET SEQ**

40. ERC denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. ERC denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. ERC denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. ERC denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. ERC denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. ERC denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. ERC denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. ERC denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. ERC denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Paragraph 49 of Plaintiff's Complaint does not contain any allegations against ERC, but rather demands a trial by jury in this matter. As such, no response is required of ERC.

**GENERAL DENIAL**

ERC denies all allegations set forth in Plaintiff's Complaint not specifically addressed or admitted herein above.

**PRAYER FOR RELIEF**

In response to the paragraph of Plaintiff's Complaint following Paragraph 49 and beginning with "WHEREFORE," ERC denies each and every allegation of damage and request for relief therein.

**FIRST DEFENSE - FAILURE TO STATE A CLAIM**

Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

**SECOND DEFENSE – ACTS OF THIRD PARTIES**

Plaintiff's damages, if any, are the proximate result of acts or omissions, negligent or otherwise, of third persons over whom this Defendant exercised no control and for whose acts or omissions defendant is not responsible.

### THIRD DEFENSE – ASSUMPTION OF RISK

Plaintiff voluntarily assumed a known unreasonable risk and is barred from recovery herein.

### FOURTH DEFENSE – COMPARATIVE NEGLIGENCE

The injuries and damages allegedly sustained by the Plaintiff herein are the sole and proximate cause of the Plaintiff's own comparative negligence. The comparative negligence of the Plaintiff herein was equal to or greater than the alleged negligence of this Defendant, which negligence this Defendant expressly denies. The recovery sought must be eliminated or proportionately reduced on a comparative basis in accordance with the provisions of Colorado's Comparative Negligence Statute, C.R.S. § 13-21-111.

### FIFTH DEFENSE – CONTRIBUTION AMONG TORTFEASORS

Insofar as the provisions of the Colorado Uniform Contribution among Tortfeasors Act may be applicable to the proceeding herein, this Defendant reserves the right to assert both the substantive and procedural aspects of said Act as the same may be applicable to this case.

### SIXTH DEFENSE – DESIGNATION OF NON-PARTIES

Pursuant to C.R.S. § 13-21-111.5 Defendant reserves the right to designate responsible non-parties.

### SEVENTH DEFENSE – ELEEMOSYNARY INSTITUTION

This Defendant is an eleemosynary institution existing solely and entirely for religious, charitable and educational purposes. To the extent that recovery sought by the Plaintiff would invade the trust of this Defendant, a non-profit charitable Colorado corporation existing pursuant

7

to the laws of the State of Colorado, said Defendant is immune from the enforcement of any judgment against it by virtue of the Colorado Doctrine of Charitable Immunity.

### EIGHTH DEFENSE – ESTOPPEL

The allegations forming the basis of this Complaint were performed with the full knowledge, consent and acquiescence of Plaintiff and/or Plaintiff's agents and Plaintiff is estopped from requesting the relief asserted herein.

### NINTH DEFENSE - CONSENT

Plaintiff consented to the actions of this Defendant which form the basis for the allegations of the Complaint herein. Plaintiff, therefore, is barred from recovering damages as a result thereof.

### TENTH DEFENSE - FAILURE FOLLOW PROFESSIONAL ADVICE

Plaintiff's damages, if any, are the proximate result of her failure to follow the professional advice and counseling of this Defendant. Plaintiff, therefore, is barred from recovering damages as a result thereof.

### ELEVENTH DEFENSE - FAILURE TO MITIGATE

The Plaintiff has failed to mitigate her damages, if any, as required by law and is therefore barred from recovery against this Defendant.

### TWELFTH DEFENSE – HEALTH CARE AVAILABILITY ACT

Plaintiff's claims may be barred or limited because of the applicable provisions of the Health Care Availability Act, C.R.S. § 13-64-101, et seq.

### THIRTEENTH DEFENSE – PRE-EXISTING CONDITION

Plaintiff's damages, if any, are the sole and proximate result of a pre-existing condition.

### FOURTEENTH DEFENSE – TERMINATION OF SERVICES

The services of this Defendant were terminated by Plaintiff prior to matters asserted herein and this Defendant is not responsible therefor.

### FIFTEENTH DEFENSE – SUBSTANTIAL TRUTH

Plaintiff's claims are barred because this Defendant's statements are true or substantially true which is an absolute defense pursuant to Colorado Constitution, Article 2, Section 10, and C.R.S. § 13-25-125.

### DEFENDANT EATING RECOVERY CENTER, LLC DEMANDS THAT THIS CASE BE TRIED TO A JURY ON ISSUES SO TRIABLE.

WHEREFORE, Defendant Eating Recovery Center, LLC requests that the Complaint against it be dismissed with prejudice, that judgment be entered in its favor, that the Court award costs, reasonable attorney fees, and such other relief as this Court deems proper under the circumstances.

Respectfully submitted this 6$^h$ day of March, 2015.

*s/ Paul E. Collins*
_____
Paul E. Collins
Robert B. Hall, III
TREECE ALFREY MUSAT P.C.
999 18th Street, Suite 1600
Denver, CO  80202
(303) 292-2700
pcollins@tamlegal.com; thall@tamlegal.com
*Counsel for Defendant,*
*Eating Recovery Center, LLC*

9

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 6th day of March, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Steven R. Dunn
8390 LBJ Freeway, Suite 540
Dallas, TX 75243
sdunnfirm@aol.com
*Counsel for Plaintiff*

Deanne C. McClung
Mary K. Lanning
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
mcclungd@hallevans.com
lanningm@hallevans.com
*Counsel for Defendant, Jane Miceli, MD*

             s/ Victoria Reimche
               Victoria Reimche