IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO: 14-cv-3068-BNB

MORGAN DUNN,

Plaintiff,

v.

JANE MICELI, M.D. and
EATING RECOVERY CENTER, LLC,

Defendants.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Comes now Morgan Dunn ("Plaintiff") by and through her advisory counsel, Steven R. Dunn, who files this Response to the Order to Show Cause (Doc. 61) as follows:

Background Facts

**1.** On November 13, 2014, Plaintiff instituted this case against Jane Miceli, M.D. ("Miceli") and the Eating Recovery Center, LLC ("ERC") alleging that Miceli committed medical negligence and ERC violated the Colorado Consumer Protection Act with regard to medical treatment rendered to Plaintiff. (Doc. 1)

**2.** A number of motions were filed before the initial scheduling conference was conducted. Amongst these motions, Miceli sought to disqualify Plaintiff's counsel, Steven R. Dunn ("Dunn") alleging that he was a necessary witness and that there was a conflict of interest in Dunn acting as counsel for Plaintiff. Not only did Miceli seek to have Dunn disqualified from acting as counsel for Plaintiff at trial, but from participating in any capacity as counsel for Plaintiff. The Magistrate granted Miceli's motion on April

22, 2015. (Doc . 52).  Dunn filed a timely objection and Plaintiff awaits the Court's decision on said objection.  (Doc. 53).  However, effective the day of the Magistrate's order, Dunn was removed from receiving electronic notices of any filings from this Court and did not receive any orders from the Court through the e-filing system.  Dunn checked his email system and does not show receipt of the May 26, 2015 order from this Court.  Had Dunn received the order, Dunn would have complied or moved the Court for a rescheduled date.  Dunn represents to this Court that he will check the on-line filings in this case once a week, on the Monday of each week to attempt to stay current with any future orders from the Court.

3.     Currently, Dunn is acting in an advisory capacity for Plaintiff.  Plaintiff does represent to this Court that in the event the Court denies Plaintiff's Objection to the Magistrate's order, she will retain other counsel to prosecute this case.

4.     Further, in or about March of 2015, the house in which Plaintiff was living with her mother, to wit: 6121 Preston Haven Drive, Dallas, Texas was sold.  Plaintiff and her mother vacated that address and since that time, mail addressed to that address has been forwarded to Plaintiff's mother.  As the Honorable Magistrate noted in her Order to show cause: "Mr. Dunn represented at the April 14 Motions Hearing that his daughter, Ms. Dunn resides in Denver…"  (Order at p. 5).  At the time, Plaintiff did reside in Denver.  Subsequent thereto, Plaintiff moved back to Dallas.  In accordance with the Order, Plaintiff will notify the Clerk of her new address and telephone number.

5.     Dunn is concerned with some of the findings of the Court in its order.  For example, in the Order, the Court states, "Counsel for Defendants represented on the record at the June 2 Scheduling Conference that they have not spoken with Ms. Dunn,

and in preparing the Proposed Scheduling Order they conferred only with Mr. Dunn, <u>who offered limited input as to dates alone.</u>" Order at p. 5. [emphasis added]  Contrarily, Dunn was instrumental in presenting the Scheduling Order to the Court.  First, Dunn drafted the contents of the initial scheduling order and emailed it to Miceli's counsel on February 9, 2015 at 9:46 a.m. On March 3, 2015, Dunn sent an email to Miceli's counsel asking if she opposed Dunn appearing at the Initial Scheduling Conference via telephone conference.  On March 9, 2015, Dunn requested the former counsel for ERC whether he was making progress on the Scheduling Order and reminded the former counsel for ERC that the order was due that day.  Counsel for Miceli was copied on said email.  Former counsel for ERC responded and stated that, "We have added ERC's portions into the scheduling order and sent it back to Ms. McClung for finalization and final circulation." Subsequent thereto, Dunn had a telephone discussion with counsel for Miceli regarding extending the prior dates in the Scheduling Order which had been drafted by Dunn.  Therefore, since Dunn drafted the Scheduling Order, circulated the Scheduling Order, reminded ERC's former counsel that the Scheduling Order was due and participated in a subsequent telephone call with counsel regarding dates, Dunn represents to this Court that he was actively involved in the preparation of the Scheduling Order in compliance with his duties under the local rules of the District of Colorado.  To the extent, if any, that Defendants assert Dunn was not involved in the process as set forth above, Dunn respectfully disagrees with same

6. Dunn is further concerned with another statement in the Order.  To this end, the Court stated, "On the record, Defendants represented that Plaintiff has not provided a calculation of damages through either a settlement demand or Initial Disclosures." Order

at p. 5. Contrarily, on August 24, 2014, Plaintiff submitted a comprehensive settlement demand to both Miceli and ERC. The settlement demand consisted of eight (8) pages and made a demand for an amount in excess of the $75,000.00 minimum jurisdictional limit of this Court. Further and in compliance with Colo.Rev.Stat.Ann. § 13-64-203, Dunn stated that the settlement amount could be paid over three annual payments. Pursuant to § 13-64-203, in any civil action against a health care professional, the Court is required to enter an order that awards future damages exceeding $150,000 be paid by periodic payments. As such, well before June 2, 2015, Defendants' counsel had actual knowledge of the amount of Plaintiff's settlement demand and that such demand exceeded the $75,000 threshold.

As this Court is aware, non-economic damages are not susceptible to a precise calculation. *See, Farmer v. Amrest*, 11-cv-3021-RBJ (D.Colo. Oct. 26, 2012). Nonetheless, to the extent that the Court is ordering Plaintiff to attempt to assign a precise calculation to those damages, Plaintiff is willing and will attempt to comply with same.

**7.** Dunn did not receive the Minute Order from this Court. However, Dunn agrees to review filings on a weekly basis, and requests the Court to order that counsel for Defendants send courtesy copies of any Court filings with Dunn[1]. To the extent the Court believes Plaintiff or Dunn acted in bad faith or disregarded prior orders of this Court, Plaintiff respectfully disagrees and states that a system is now being utilized to make sure that filings and orders are reviewed on a weekly basis by Dunn.

---

[1] Dunn notes that counsel for Miceli did send copies of discovery to Dunn. Dunn anticipates timely filing responses.

Wherefore, the premises considered, Plaintiff files this response to the Order to Show Cause and requests that sanctions not be imposed. Plaintiff prays for such other and further relief, at law or in equity, to which Plaintiff may be duly entitled.

Respectfully submitted,

/s/ Steven R. Dunn_____
Steven R. Dunn
**Dunn Firm, P.C.**
8390 LBJ Freeway, Suite 540
Dallas, Texas 75243
Telephone (214) 692.5533
Facsimile (214)   692.5534

**ATTORNEYS FOR PLAINTIFF**

## *CERTIFICATE OF SERVICE*

I hereby certify that this document was filed with the Court utilizing the ECF system which will send a copy to opposing counsel on this the 6th day of May 2015:

Deanna C. McClung
1001 17th Street, Suite 300
Denver, Colorado 80202

David Nowak
White & Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202-5406

/s/ Steven R. Dunn_____
Steven R. Dunn

## SUPPORTING DECLARATION

I, Steven R. Dunn, do declare as follows:

I am currently advisory counsel to Plaintiff. The facts and matters stated above in Plaintiff's Response to Order to Show Cause are within my personal knowledge and are true and correct.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of June 2015 in Dallas, Texas.

/s/ Steven R. Dunn_____
Steven R. Dunn