# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03068-MSK-NYW

MORGAN DUNN,

    Plaintiff,

v.

JANE MICELI, M.D., and
EATING RECOVERY CENTER, L.L.C.,

    Defendants.

---

## ORDER DISCHARGING ORDER TO SHOW CAUSE

---

Magistrate Judge Nina Y. Wang

On June 3, 2015, this court issued an Order to Show Cause on or before June 23, 2015 why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to comply with the May 26, 2015 Minute Order. [#61]. This court also ordered Plaintiff to file a supplemental computation of damages and provide updated contact information, including a telephone number, on or before June 23, 2015. [*Id.*]

Plaintiff, through her advisory counsel Mr. Dunn,[1] responded to the Order to Show Cause on June 23, 2015. [#63]. Mr. Dunn represented the following: he did not receive the May 26 Order because he was removed from the ECF system pursuant to the April 22 Order granting the

---

[1] In an Order dated April 22, 2015, this court granted Defendant Miceli's Motion to Disqualify Plaintiff's counsel, thereby disqualifying Plaintiff's father, Steven Dunn, from representing her. [#51]. Mr. Dunn filed an Objection to that Order on May 6, 2015 [#53], which is currently pending before Chief Judge Krieger. In light of the unresolved status of Mr. Dunn as Plaintiff's counsel, this court has permitted him to represent Plaintiff in an advisory capacity pending a ruling on his Objection. *See* [#58].

Motion to Disqualify; he was instrumental in preparing the Proposed Scheduling Order that Defendants submitted to the court on May 26, 2015; he "submitted a comprehensive settlement statement demand to both Miceli and [Eating Recovery Center]," that, among other things, communicated that Plaintiff sought damages in excess of $75,000; Plaintiff will retain counsel should Judge Krieger overrule his objection; and Plaintiff returned to Dallas to live following the April 22 Hearing.[2]  [#63].  Mr. Dunn concurrently submitted a Notice of Change of Address for Plaintiff and a supplemental computation of damages.  [#64 and #65].  On June 24, 2015, Defendant Miceli filed Objections to Plaintiff's Response to Order to Show Cause [#66], in which Eating Recovery Center, LLC joined [#67], taking issue with several of Mr. Dunn's representations and asking that the court impose dismissal sanctions for Plaintiff's failure to comply with the Order to Show Cause.

This court respectfully disagrees that dismissal sanctions are appropriate at this time.  *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992) (in determining whether (and that) sanctions are appropriate, a court should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," [and] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance.").  Plaintiff has demonstrated, albeit through her father, an intention to pursue this litigation, and the Response is considered sufficient for the purposes of the Order to Show Cause.  However, Plaintiff is again specifically advised by this

---

[2] This court is somewhat puzzled as to how Plaintiff remained ignorant of the June 2 Scheduling Conference when he took such an active role in preparing the Proposed Scheduling Order and even communicated with opposing counsel about his intention to appear telephonically.  [#63 at ¶ 5].  Nevertheless, the court will take Mr. Dunn's representation made as an officer of this court at face value for the purposes of considering whether to discharge the Order to Show Cause.

court that until and unless another attorney enters an appearance on her behalf in this case, she is proceeding, for all intents and purposes, *pro se* and is responsible for complying with the Federal Rules of Civil Procedure, the Local Rules for the District of Colorado, and the Civil Practice Guidelines for the Honorable Marcia S. Krieger.  Plaintiff's lack of training in the law or inexperience with the Rules of this court will not excuse further non-compliance with such Rules or this court's orders.

Accordingly, IT IS ORDERED:

1. The Order to Show Cause [#61] is hereby DISCHARGED; and

2. In the event Judge Krieger affirms the Order of this court disqualifying Mr. Dunn, Plaintiff shall notify the court in writing within ten days of that Order of who her counsel shall be moving forward.

DATED: July 1, 2015                                                    BY THE COURT:

                                                                                        s/Nina Y. Wang_____
                                                                                        United States Magistrate Judge