IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03068-MSK-NYW

MORGAN DUNN,

    Plaintiff,

v.

JANE MICELI, M.D., and
EATING RECOVERY CENTER, L.L.C.,

    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiff's failure to respond to this court's Order to Show Cause. On August 11, 2015, this court ordered Plaintiff to show cause in writing and on or before August 26, 2015, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to comply with D.C.COLO.LAttyR 5(c) ("Second Order to Show Cause"). [#77]. This court further ordered Plaintiff to respond fully to the discovery requests propounded by Defendant Miceli no later than August 26, 2015. *Id.* As of the date of this Recommendation, Plaintiff has not responded to the Second Order to Show Cause, has not updated her contact information, and has provided no indication that she has responded to Defendant Miceli's discovery requests.[1] Moreover, the court's August 11 Order was returned as

---

[1] The procedural history of this action has been recited in numerous orders, *see* [#51, #61, and #77], and need not be repeated here.

undeliverable, despite the fact that it was sent to the physical address provided by Plaintiff's advisory counsel by Notice dated June 23, 2015 [#64]. For these reasons, and addressed in more detail below, I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE.

## ANALYSIS

Local Rule of Practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Plaintiff has repeatedly failed to diligently prosecute this action, as demonstrated by her failure to comply with the Second Order to Show Cause and D.C.COLO.LAttyR 5(c).

In addition, Plaintiff has failed to cooperate in the discovery process by refusing to respond to Defendant Miceli's First Set of Interrogatories and Requests for Production. Rule 37 contemplates that the court may dismiss the action after a party fails to obey an order to provide responses to discovery. Fed. R. Civ. P. 37(b)(2)(v). On July 17, 2015, Defendant Miceli filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(d) for Plaintiff's Failure to Provide Responses to Discovery ("Motion to Dismiss").[2] [#69]. In the Second Order to Show Cause, this court ordered Plaintiff to respond "fully to the discovery requests propounded by Defendant Miceli attached as [#69-1] and [#69-2] no later than August 26, 2015." [#77]. To date, this court has no

---

[2] Chief Judge Krieger referred the Motion to Dismiss to the undersigned Magistrate Judge for consideration on July 21, 2015. [#70]. That same day, Defendant ERC filed a Motion seeking to join in the Motion to Dismiss. [#71]. On July 22, 2015, Chief Judge Krieger referred ERC's Motion to the undersigned Magistrate Judge for consideration [#72].

indication that Plaintiff has complied with its Order. While *pro se* litigants are held to a less stringent standard than those who are represented by counsel, *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), they must still comply with the same rules of procedure that govern other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, throughout this litigation, this court has issued multiple warnings that continued lack of prosecution or failure to comply with the Federal Rules of Procedure, Local Rules of this District, or court orders would result in sanctions. The Second Order to Show Cause specifically advised that the "continued failure to comply, including failure to serve appropriate discovery responses, may result in dismissal of this action." [#77]. Accordingly,

I respectfully RECOMMEND that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for failure to prosecute, and that the Motion to Dismiss [#69] and Motion for Joinder [#71] be DENIED AS MOOT.[3]

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's

DATED: August 26, 2015	BY THE COURT:

                                                                          s/Nina Y. Wang\
                                                                          United States Magistrate Judge

---

ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).